■ DOROTHY ADAMS et al., Appellants, v SUPERMARKETS GENERAL CORP., Doing Business as PATHMARK SUPERMARKETS, Respondent.—Order, Appellate Term of the Supreme Court, First Department, entered October 20, 1986, which affirmed the order of the Civil Court, New York County (Joseph Slavin, J.), entered, after a jury trial, on November 18, 1985, granting defendant judgment against the plaintiffs dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated and a new trial ordered on the issue of whether defendant had actual notice of the unsafe condition and, in the event liability is found, on the issue of plaintiffs' damages.

On December 12, 1982, at approximately 9:00 A.M., while she and her husband were shopping in defendant's supermar-

ket on West 207th Street in upper Manhattan, plaintiff Dorothy Adams slipped and fell on a can of corned beef hash which lay in the aisle near a display of that product.

The jury, in its special verdict, found that Mrs. Adams had fallen as she described and that the aisle at that point was not in a reasonably safe condition for the use of the store's customers. It further found, however, that plaintiffs had failed to prove that the defendant had actual notice of the unsafe condition.

The case had been submitted to the jury on a theory of actual notice based upon the testimony of Mrs. Adams and her husband that, after her fall, the store manager was summoned and that, when he arrived at the scene, he said that he was sorry it had happened and that he "had told the kid to pick the cans up a half-hour before." The store manager denied any such conversation, testifying that he merely asked Mrs. Adams her name and address, whether she was hurt and whether she needed an ambulance.

In its charge, the court instructed the jury that plaintiffs were the only interested witnesses because they were the only ones who had an interest in the outcome of this case. Plaintiffs' counsel took exception to such instruction, contending that the store manager, who was still an employee of defendant, should be classified as an interested witness. The court denied the request, noting that it knew for a fact from reading newspapers that defendant owned 165 stores and that the night manager was not an interested witness especially because there was insurance coverage. We disagree and remand for a new trial on the limited issue of whether defendant had actual notice and, in the event liability is found, on the issue of plaintiffs' damages.

While the mere employer-employee relationship existing between a party and a defendant, either at the time of the incident or the trial does not necessarily make the employee an interested witness, it is firmly established that an actor in the incident, with a motive to shield himself from blame, is an interested witness, even if he isn't a party to the action (see, Coleman v New York City Tr. Auth., 37 NY2d 137, 142). Here, the store manager, who was charged with the over-all supervision of the store, had testified that he himself had set up the corned beef hash display; that he supervised a three-man maintenance crew which was responsible for patrolling the store and making sure all the aisles were swept and clean; and, that he had checked the aisles 5 or 10 minutes before the

accident and had seen no cans on the floor. He had motive, possibly pecuniary, in protecting his relationship with his employer, particularly where it was alleged that he had made statements against defendant's interest. Under the circumstances, where the issue of actual notice came down to a question of the witnesses' credibility, the jury should have been instructed that the store manager, like the plaintiffs, was an interested witness. Further, upon the retrial, testimony regarding the reasonable value of the medical services rendered by Dr. Shafer should be permitted. Concur—Kupferman, J. P., Sullivan, Carro, Kassal and Ellerin, JJ.